HOWARD W. AMBRUSTER, PLAINTIFF-APPELLANT, v. THE NATIONAL BANK OF WESTFIELD, DEFENDANT-APPELLEE.

Argued October 24, 1935—Decided January 31, 1936.

For the plaintiff-appellant, *Howard W. Ambruster, pro se.*

For the defendant-appellee, *Francis A. Gordon.*

The opinion of the court was delivered by

BODINE, J. This is an appeal from a judgment of nonsuit.

The plaintiff sought damages because several of his checks were returned by the defendant bank marked "no account." A malicious attack upon his credit is the gravamen of the action. A bank is not required to keep a customer's account (7 *C. J.* 628), but it may close out an account only on reasonable notice. *Jaselli* v. *Riggs National Bank,* 36 *App. Cas. D. C.* 159. A customer is entitled to an opportunity to protect his credit by making other arrangements. Therefore, the rule of reasonable notice. An action lies against a bank for the wrongful refusal to honor checks. 2 *Morse on Banks & Banking,* § *458.* An unjustified refusal of payment of a check is a slur upon credit and repute in the business world.

For the present purpose, it is enough to say that the proofs show that while the plaintiff was away on a business trip the defendant bank wrote and mailed to him a letter addressed to his residence, although he had previously requested that all communications be sent to his office. The letter

closed his account, refused a deposit of $500, which he had sent from Washington, and also contained a cashier's draft for the balance of the account, some $158.08. The bank stated in its letter that he might deposit cash to cover any outstanding checks.

If the plaintiff had been at home and had received the bank's letter he could, of course, have protected himself as suggested and no injury would have occurred. Unfortunately, he was in Washington. Checks, which would have been met but for the action of the bank, were returned to a number of persons marked "no account." Plaintiff, being informed by some one of his creditors that his check was dishonored, telephoned to the defendant's cashier. This officer explained the bank's action and refused to do anything for him. The draft purporting to close the account had, of course, not been used. Payment upon it could have been stopped and the bank would then have had funds sufficient to honor the plaintiff's small drafts.

A notice closing a bank account need be in no particular form. But the customer must have a reasonable opportunity to protect his credit by making other arrangements. The circumstance that the customer continued to draw for small sums, for which he had a balance but for the bank's action, must have indicated to the bank that the notice of closing had not been received. The receipt of a check enclosed in a letter from Washington should have indicated to a bank official that the plaintiff was away from home. Further, it is obvious that letters sent to an address other than requested are less likely to receive attention. The question of whether the customer had reasonable notice of the action taken was, we think, under all the circumstances for the jury.

Of course, the plaintiff in order to recover must establish malice. "In a legal sense, malice, as an ingredient of actions for slander or libel, signifies nothing more than a wrongful act done intentionally, without just cause or excuse." *King* v. *Patterson*, 49 *N. J. L.* 417, 419. Plaintiff predicated his right of recovery because of a malicious wrong to his credit

standing. The jury might have found that when the bank marked checks "no account," which could have been safely paid but for its own act in charging its customer's account with its own draft, the injury to the plaintiff was done intentionally and without just cause or excuse. Further, the refusal of defendant's cashier to refrain from further injurious acts, when he possessed the power without risk to do so, was some evidence, to say the least, of an intentional wrong without just cause or excuse.

The judgment is reversed to the end that there may be a *venire de novo*.

*For affirmance*—HETFIELD, DEAR, WELLS, JJ. 3.

*For reversal*—THE CHANCELLOR, CHIEF JUSTICE, LLOYD, CASE, BODINE, DONGES, HEHER, PERSKIE, WOLFSKEIL, RAFFERTY, JJ. 10.